**FILED**

**May 14, 2019**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:00 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **AARON DELANEY,** | ) | **Docket Number: 2016-02-0152** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TPI CORPORATION,** | ) | **State File Number: 94775-2015** |
| **Employer,** | ) | |
| **and** | ) | |
| **UNITED HEARTLAND,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |
| | ) | |

---

### EXPEDITED HEARING ORDER

---

The Court conducted a second Expedited Hearing in this matter on May 7, 2019. Previously, the Court issued a decision on the record based on the medical records and agreed facts. The Court denied benefits on the basis that Mr. Delaney had not presented sufficient evidence that he was likely to succeed at trial.

Mr. Delaney's current request concerns additional medical and temporary disability benefits. The main issue is whether Mr. Delaney suffered an injury at work, and if so, to which benefits he is entitled. Because he established he is likely to succeed at trial in proving he suffered an injury that arose primarily out of and in the course and scope of his employment, the Court grants the requested relief.

### History of Claim

Mr. Delaney worked for TPI as a CNC operator.[1] On November 24, 2015, his job required him to adjust the backstops on a machine. He maneuvered under a safety bar, placing him in a confined space. He then reached approximately thirty inches to align one of the machine arms. As he did, he heard his right arm pop. He also noticed one of the air hoses hooked to the machine became loose. He quickly jerked his right arm to

---

[1] Per the Dispute Certification Notice, Mr. Delaney's compensation rate is $370.50

1

shield his face from the flapping hose, and he felt immediate arm pain.

Mr. Delaney reported the injury and saw the company nurse. He did not mention the loose air hose when he signed two accident reports. TPI provided treatment with MedWorks the next day. The history section of the MedWorks notes stated that Mr. Delaney described the incident as reaching for the machine, but the Patient Description of the Accident and Patient Visit Summary and Instructions forms noted that Mr. Delaney "jerked r[ight] arm away from machine." MedWorks referred him to orthopedist Dr. Joseph Grant.

Dr. Grant saw Mr. Delaney on January 20, 2016. He told Dr. Grant that he reached toward the machine, heard a pop, and felt extreme pain. After reviewing an MRI, Dr. Grant diagnosed a full-thickness rotator cuff tear and recommended surgery. Dr. Grant related his need for surgery to the work-incident. However, on April 5, 2016, TPI denied the claim, asserting Mr. Delaney suffered an idiopathic injury and "no primary work causation."

Because of the denial, Mr. Delaney sought treatment at the Veterans Administration with Dr. Bert Tagert in June. There, he described his injury as occurring when he jerked his arm while adjusting backstops. Dr. Tagert performed the surgery on April 24, 2017, taking him off work afterward until September 11. He related Mr. Delaney's need for treatment to the work incident.

Mr. Delaney argued he suffered a compensable injury when he reached for the back of the machine and jerked his arm to shield his face. He argued that TPI should not have denied his claim, which forced him to seek treatment on his own. He requested past and on-going medical benefits and temporary disability benefits.

TPI argued Mr. Delaney suffered an idiopathic injury when he simply reached out toward his machine, and no condition of his employment presented a peculiar or additional hazard. TPI also asserted Mr. Delaney changed his story to include the loose air hose following the first Expedited Hearing to obtain benefits, and that he should be bound by prior agreed facts where the flapping hose was not mentioned. TPI requested that the Court deny Mr. Delaney's claim.

**Findings of Fact and Conclusions of Law**

Mr. Delaney has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, he need not prove every element of his claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk.

2

Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

An employee has the burden to prove he suffered an injury that arose primarily out of and in the course and scope of employment that causes disablement or the need for medical treatment. Tenn. Code Ann. § 50-6-102(14) (2018). This burden is met if he shows that the employment contributed more than fifty percent in causing the injury. Tenn. Code Ann. § 50-6-102(14)(B). Except in the most obvious cases, an employee must prove causation with an expert medical opinion. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Since Mr. Delaney did not suffer an obvious injury, he must supply a physician's causation opinion. He did so.

TPI does not dispute that Dr. Grant, the authorized physician, and Dr. Tagert, the unauthorized physician, both determined that Mr. Delaney suffered an injury at work that caused the need for treatment. Rather, it asserts that the Court must decide whether a work related injury occurred as defined under the Workers' Compensation Law.

Previously, this Court issued a decision on the record based on medical records and agreed facts. It determined that Mr. Delaney was not likely to succeed at a hearing on the merits based on the evidence before the Court at that time. The agreed facts specifically stated that they are only for the purposes of the decision on the record. The Court finds they do not bind Mr. Delaney for this or later hearings.

During the in-person Expedited Hearing, Mr. Delaney provided credible testimony explaining the tight quarters in which he worked, the length he reached to adjust the machine, and jerking his arm to shield his face. Although Mr. Delaney did not mention the jerking motion in his injury reports to TPI, he provided a reasonable excuse, in that TPI only asked him which job duty he was performing at the time of the injury. The medical records show that Mr. Delaney told the providers at MedWorks and Dr. Tagert that he jerked his arm.

Considering all the evidence, the Court holds Mr. Delaney's work caused a hazard that led to his injury, and he is likely to succeed in proving he suffered a work injury that caused disablement and the need for medical treatment.

Although Dr. Grant indicated Mr. Delaney needed surgery, TPI denied the claim, which forced him to seek treatment on his own. An employer risks being required to pay for unauthorized treatment if it does not provide treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A). *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at \*16 (May 25, 2016). The Court finds Dr. Tagert's treatment necessary and reasonable, as both doctors recommended the surgery. However, Mr. Delaney did not pay for his treatment and surgery with Dr. Tagert. The Court reserves the issue of payment of past medical benefits. Dr. Tagert also recommended an FCE; TPI shall schedule one.

Regarding temporary disability benefits, Dr. Tagert took Mr. Delaney off work from April 24 until September 11, 2017, because of his work-related surgery. An employee is entitled to temporary total disability benefits when his work injury totally disables him from work. Tenn. Code Ann. § 50-6-207(1)(A). The Court finds Mr. Delaney totally disabled from work between those dates and holds he is entitled to temporary total disability benefits in the amount of $7,462.93.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court reserves the issue of payment of past medical expenses. Mr. Delaney is entitled to ongoing medical benefits under Tennessee Code Annotated section 50-6-204. TPI shall schedule an FCE. Because Dr. Tagert is a VA employee, Dr. Grant shall be the authorized physician for future treatment. If he is unwilling to treat Mr. Delaney, TPI shall provide a new panel of orthopedists.

2. TPI shall pay Mr. Delaney $7,462.93 in past temporary total disability benefits.

3. This matter is set for a Scheduling Hearing on **July 2, 2019, at 2:00 p.m. Eastern Time.** You must call 855-543-5044 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED May 14, 2019.**

/s/Brian K. Addington
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

4

**Appendix**

Exhibits:
1. Aaron Delaney's affidavit
2. Wage Statement
3. Photos (collective)
4. Mr. Delaney's Exhibits (collective)
   A. Occupational Medicine medical records
   B. Watauga Orthopaedic medical records
   C. VA Medical Center medical records
   D. Causation opinion-Dr. Bert Tagert
   E. Form C-32 of Dr. Tagert
   F. Deposition of Dr. Tagert
   G. VA Notice of Lien[2]
   H. Wage Statement
   I. Photos
5. TPI's Exhibits (collective)
   A. Report of injury
   B. Accident investigation report
   C. Occupational Medicine medical records
   D. Watauga Orthopedics medical records
   E. VA Medical Center medical records
   F. Statement of Agreed Facts
   G. Deposition of Aaron Delaney

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Motion for Summary Judgment
5. Employer's Memorandum in Support of Motion for Summary Judgment
6. Employer's Uncontroverted Statement of Facts
7. Response to Motion for Summary Judgment and Uncontroverted Statement of Facts
8. Order Denying Motion for Summary Judgment
9. Employer's Motion to Continue
10. Employer's Motion for Extension to File Brief, Witness and Exhibit Lists
11. Mr. Delaney's Pre Trial Brief
12. Employee's Witness and Exhibit List
13. Employer's Pre-Hearing Brief
14. Employer's Witness and Exhibit List

---

[2] The Court overrules TPI's objection and holds this is a self-authenticating signed public record.

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent to the following recipients by these methods of service on May 14, 2019.

| Name | Certified Mail | Via Fax | Via Email | Sent to: |
|------|---------------|---------|-----------|----------|
| George T. East Attorney for Employee | | | X | todd@toddeast.com jennifer@toddeast.com |
| Cole Stinson, Attorney for Employer | | | X | cole.stinson@accidentfund.com christine.spear@accidentfund.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellee*


## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____        2. Address: _____

3. Telephone Number: _____        4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____        Relationship: _____

_____        Relationship: _____

_____        Relationship: _____

_____        Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support     $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)            RDA 11082